

# UNITED STATES DISTRICT COURT

For the

Eastern District of Oklahoma

FILED
FEB 0 5 2026
BONNIE HACKLER
Clerk, U.S. District Court
By_____
Deputy Clerk

Smith, Clinton
D/B/A Eden Heirlooms Images-
Digital Taxidermy
**Plaintiff**

v.

Briesacher, Aaron
D/B/A DigtialTaxidermy.com LLC
**Defendant**

Case No. CIV-26-36-JAR
(To be filled in by Clerk's Office)

Jury Trial: [ ] Yes  [X] No

# COMPLAINT FOR TEMPORARY RESTRAINING ORDER AND DECLARATORY JUDGEMENT

I. **The Parties to This Complaint**
   A. **The Plaintiff**

   Name:              Clinton Smith D/B/A Eden Heirlooms Images-Digital Taxidermy
   Address:           94323 S. 4622 Rd
   City and County:   Bunch, Adair County
   State and Zip:     Oklahoma 74931
   Telephone:         (308)414-1138
   E-Mail:            edenheirloomsandads@gmail.com

   B. **The Defendant**

   Name:              Aaron Briesacher D/B/A DigitalTaxidermy.com LLC
   Physical Address:  1090 Winter Lake Dr
   Mailing Address:   P.O. Box 321
   City and County:   Fenton, St. Louis County
   State and Zip:     Missouri 63026
   Telephone:         Unknown
   E-Mail:            legal@digitaltaxidermy.com

**NOW COMES:** Plaintiff Clinton Smith D/B/A Eden Heirlooms Images-Digital Taxidermy, proceeding Pro Se, brings this action against Defendant for declaratory judgment of non-infringement under the Lanham Act, 15 U.S.C. § 1051 et seq., unfair competition under 15 U.S.C. § 1125(a), and tortious interference with business relations under Oklahoma common law. Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. This Court possesses subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction over claims arising under federal law) and 15 U.S.C. § 1121 (original jurisdiction over Lanham Act claims). An actual controversy exists between the parties, conferring jurisdiction for declaratory relief under 28 U.S.C. § 2201 (Declaratory Judgment Act).

2. This Court has supplemental jurisdiction over the state-law tort claim for tortious interference with business relations pursuant to 28 U.S.C. § 1367(a), as it forms part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in the Eastern District of Oklahoma pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to the claims occurred in this District, including the operation of Plaintiff's business and the harm inflicted upon it, and pursuant to 28 U.S.C. § 1391(b)(3), as no other district is available where all defendants reside.

## STATEMENT OF FACTS

1. On or about February 15, 2025, Plaintiff commenced commercial use of the phrase "digital taxidermy" in his brand and logo "Eden Heirlooms Images – Digital Taxidermy" in commerce to accurately describe his service of digitally recreating taxidermy-style images from customer-supplied photographs, conducted from his home.

2. Plaintiff's brand and logo are a white background with green fish, deer antlers, and crest whereas Defendant's brand and logo are a black background with white deer antlers, bullet, and mountain silhouette.

3. On or about October 15, 2025, Plaintiff began listing products and services online using a Shopify storefront under this business name. As well as social media accounts on Facebook, Instagram, and TikTok to gain followers and direct traffic from potential customers to the website.

4. On or about January 4, 2026, Defendant issued a cease-and-desist letter asserting infringement of a trademark (Serial No. 97935156) for his brand and logo "DigitalTaxidermy.com LLC."

5. On or about January 6, 2026, Plaintiff responded asserting that the term is descriptive, that use thereof constitutes classic fair use, and that no likelihood of confusion exists.

6. Furthermore, on or about January 6, 2026, Plaintiff redirected his internet traffic from his own web domain ehdigitaltaxidermy.com to a new domain of ehtaxidermyprints.com as a show of good faith to Defendant.

7. On or about January 22, 2026, Defendant caused a trademark infringement notice to be filed with Shopify, Inc., resulting in the temporary suspension of Plaintiff's listing "Custom Digital Taxidermy Digital Download." This temporary suspension is at great risk of being made permanent by Defendant's continued claims to Shopify's legal team.

8. Plaintiff timely filed a counter-notice with Shopify on January 22, 2026.

9. On or about January 28, 2026, Shopify did suspend Plaintiff's product listing removing it from the website and customer availability.

10. Notwithstanding the foregoing, on February 2, 2026, Defendant filed a second infringement notice with Shopify, again causing suspension of Plaintiff's "Custom Canvas Digital Taxidermy" and Plaintiff's exclusive "Living Digital Taxidermy" product lines. Placing these services at risk of suspension and removal as well.

11. Defendant's additional claim places Plaintiff's use of the Shopify platform at risk of irreparable and complete removal.

12. Defendant's mark was registered in 2024, yet remains a descriptive mark entitled only to narrow protection.

Pursuant to 17 U.S.C. § 512(g)(2)(C) of the Digital Millennium Copyright Act — which Shopify applies to trademark disputes through its infringement policy — the complainant is afforded 10 to 14 business days after receipt of a counter-notice to file suit in federal court. Absent such filing, Shopify is required to restore the content. Defendant has not filed suit within this period, yet continues to cause irreparable harm through repeated notices, demonstrating a pattern of unilateral harassment without intent to pursue legitimate legal action.

## CAUSES OF ACTION

**Count 1: Declaratory Judgment of Non-Infringement (15 U.S.C. § 1114 et seq.)** Plaintiff incorporates by reference the allegations in paragraphs above. Plaintiff's use of "digital taxidermy" is descriptive of its services and constitutes classic descriptive fair use under 15 U.S.C. § 1115(b)(4). There is no likelihood of confusion (no similarity in marks, goods, or channels), and Defendant's selective targeting shows bad faith. Plaintiff seeks a declaratory judgment that its use does not infringe Defendant's mark.

**Count 2: Unfair Competition (15 U.S.C. § 1125(a))** Plaintiff incorporates by reference the allegations above. Defendant's false and misleading claims of infringement have caused and are likely to cause confusion, mistake, or deception as to the affiliation or origin of Plaintiff's goods and services. Defendant's actions constitute unfair competition under the Lanham Act.

**Count 3: Tortious Interference with Business Relations (Oklahoma Common Law)** Plaintiff incorporates by reference the allegations above. Defendant intentionally interfered with Plaintiff's business relations with Shopify and potential customers by filing baseless infringement notices, causing temporary product suspensions and lost sales. Defendant's actions were improper and without justification. Plaintiff has suffered actual damages as a result.

## PRAYER FOR RELIEF WHEREFORE

Plaintiff respectfully prays that this Court:

1. Issue a temporary restraining order enjoining Defendant, his agents, and all persons acting in concert with him from:
    - Contacting Plaintiff directly or indirectly concerning the term "digital taxidermy";
    - Transmitting cease-and-desist letters or similar communications;
    - Filing further complaints or notices with online platforms alleging infringement of "digital taxidermy";
    - Making any public or private representations that Plaintiff's use of the term constitutes trademark infringement;

2. Direct Shopify, Inc., or alternatively require Defendant to immediately request Shopify to restore all suspended product listings and lines, including but not limited to any listing featuring 'Digital Taxidermy', pending final resolution of this action;

3. Enter declaratory judgment that Plaintiff's use of the phrase "digital taxidermy" in its branding and product descriptions constitutes lawful descriptive fair use under 15 U.S.C. § 1115(b)(4) of the Lanham Act, does not infringe any rights of Defendant, and that there is no likelihood of confusion between the parties' marks or services;

4. Award compensatory damages for lost sales, business interruption, reputational harm, and other economic injuries caused by Defendant's conduct;

5. Award punitive damages for Defendant's bad-faith and harassing conduct through repeated, unanswered claims made to Shopify and other platforms;

6. Award costs of this action; and

7. Grant such other and further relief as the Court deems just and proper.

Plaintiff waives trial by jury and requests a bench trial.

Dated: 02/03/2026

**Respectfully submitted,**
**Clinton Smith D/B/A Eden Heirlooms Images-Digital Taxidermy, Plaintiff, Pro Se**

**Signature:** _/s/ Clinton Smith_



