IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CLINTON SMITH D/B/A EDEN HEIRLOOMS IMAGES-DIGITAL TAXIDERMY,**<br><br>     **Plaintiff,**<br><br>v.<br><br>**AARON BRIESACHER D/B/A DIGITAL TAXIDERMY.COM LLC,**<br><br>     **Defendant.** | Case No. 26-CV-036-JFH |

## OPINION AND ORDER

Before the Court is a Motion for Temporary Restraining Order [Dkt. No. 6] and a Motion for Permanent Injunction [Dkt. No. 7] filed by pro se Plaintiff Clinton Smith d/b/a Eden Heirlooms Images-Digital Taxidermy against Defendant Aaron Briesacher d/b/a Digital Taxidermy.com LLC. Dkt. Nos. 6-7. For the following reasons, Plaintiff's Motion for Temporary Restraining Order is HELD IN ABEYANCE, and his Motion for Permanent Injunction is DENIED as premature.

## BACKGROUND

Plaintiff, proceeding pro se, filed this lawsuit on February 5, 2026. Dkt. No. 2. In his Complaint, he alleges that he operates a business in the Eastern District of Oklahoma named "Eden Heirlooms Images-Digital Taxidermy." *Id.* at 2. Around February 15, 2025, Eden Heirlooms started using the phrase "digital taxidermy" in its brand and logo to "describe [its] service of digitally recreating taxidermy-style images from customer-supplied photographs." *Id.* Several months later, on or around October 15, 2025, Plaintiff began listing products and services online with this business name on Shopify, Inc.'s storefront. *Id.*

However, around January 4, 2026, Defendant Aaron Briesacher, doing business as "Digital Taxidermy.com LLC," sent Plaintiff a cease-and-desist letter asserting trademark infringement using the term "digital taxidermy." *Id.* As an alleged show of good faith, Plaintiff redirected his internet traffic from his own web domain "ehdigitialtaxidermy.com" to a new domain called "ehtaxidermyprint.com." *Id.* at 3. However, Defendant subsequently filed a trademark infringement notice with Shopify, Inc., which resulted in the temporary suspension of Plaintiff's product listing for "Custom Digital Taxidermy Digital Download." *Id.* Shopify ultimately suspended this product listing and removed it from the website on or around January 28, 2026. *Id.*

Defendant then filed a second infringement notice with Shopify on February 2, 2026, which ultimately resulted in the suspension of Plaintiff's "Custom Canvas Digital Taxidermy" and "Living Digital Taxidermy" product lines. *Id.* According to Plaintiff, this additional claim could completely prohibit him from using the Shopify platform any further. *Id.*

Accordingly, Plaintiff sued Defendant for (1) Declaratory Judgment of Non-Infringement under 15 U.S.C. § 1114 et seq; (2) Unfair Competition under 15 U.S.C. § 1125(a); and (3) tortious interference with business relations under Oklahoma law. He also moved for a temporary restraining order and permanent injunction, seeking the following:

- An injunction prohibiting Defendant from (i) contacting Plaintiff about the term "digital taxidermy," (ii) transmitting cease-and-desist letters, (iii) filing further complaints or notices with online platforms alleging Plaintiff's infringement of "digital taxidermy," and (iv) making any public or private representations that Plaintiff's use of "digital taxidermy" constitutes trademark infringement;

- An injunction requiring Shopify—or Defendant to immediately request Shopify—to restore all of Plaintiff's suspended product listings and lines.

Dkt. No. 6-7. However, Plaintiff not yet served his Complaint or his Motions on Defendant.

## AUTHORITY AND ANALYSIS

### I. Plaintiff's Motion for Temporary Restraining Order

The Court will start with Plaintiff's Motion for Temporary Restraining Order. This Motion is governed by Rule 65 of the Federal Rules of Civil Procedure. Rule 65(b) prohibits the entry of a temporary restraining order without notice to the adverse party unless "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," and "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65.

Here, there is no indication that the Complaint and his Motion for Temporary Restraining Order have been served on Defendant. Further, Plaintiff has not submitted a verified complaint, affidavit, or other certified writing to show that he will suffer irreparable injury if injunctive relief is not granted before Defendant can be heard. Thus, Plaintiff has neither provided notice to Defendant nor demonstrated why notice should not be required. Plaintiff's pro se status does not obviate the need for compliance with Rule 65, as pro se plaintiffs are held to the same rules of procedure which apply to other litigants. *Goldwyn v. Donahoe*, 562 F. App'x 655, 658 (10th Cir. 2014) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)); *see also United States v. Foster*, 4 F. App'x 605, 607 (10th Cir. 2001) ("[T]he Federal Rules of Civil Procedure apply equally to pro se and counseled litigants.").

However, these deficiencies do not justify denial of Plaintiff's Motion for Temporary Restraining Order at this time. Instead, the Court orders the following:

- Plaintiff is directed to serve Defendant with (1) summons, (2) the Complaint [Dkt. No. 2], (3) his Motion for Temporary Restraining Order [Dkt. No. 6], and a copy of this Order by February 19, 2026. Plaintiff is further directed to file proof of service of these documents with the Court by February 27, 2026.

- The Court will set a hearing on Plaintiff's Motion for Temporary Restraining Order on March 12, 2026, at 2:00 PM in Courtroom 1, Room 230, US Courthouse, 5th & Okmulgee, Muskogee, Oklahoma. Plaintiff and Defendant are ordered to attend this hearing.

At the March 12 hearing, both parties should be prepared to address (1) whether Plaintiff is substantially likely to succeed on the merits; (2) whether he will suffer irreparable injury if the restraining order is denied; (3) whether the threatened injury outweighs the injury Defendant will suffer under the restraining order; and (4) whether the injunction would be adverse to the public interest. *See DTC Energy Grp., Inc. v. Hirschfeld*, 912 F.3d 1263, 1270 (10th Cir. 2018).

Accordingly, Plaintiff's Motion for Temporary Injunction is HELD IN ABEYANCE pending Plaintiff's compliance with the above instructions and the hearing scheduled for March 12, 2026.

### II. Plaintiff's Motion for Permanent Injunction

Plaintiff also filed a Motion for Permanent Injunction. Dkt. No. 7. To obtain a permanent injunction, Plaintiff must demonstrate: "(1) actual success on the merits; (2) irreparable harm unless the injunction is issued; (3) the threatened injury outweighs the harm that the injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." *Prairie Band Potawatomi Nation v. Wagnon*, 476 F.3d 818, 822 (10th Cir. 2007) (quoting *Fisher v. Okla. Health Care Auth.*, 335 F.3d 1175, 1180 (10th Cir. 2003)). As these elements demonstrate, Plaintiff is only entitled to a permanent injunction if he succeeds on the merits of this case. But he can only succeed on the merits of this case if he obtains summary judgment or a favorable outcome at trial. Because Plaintiff has not yet obtained summary judgment or a favorable outcome at trial, his Motion for Permanent Injunction and Declaratory Judgment must be DENIED as premature.

**CONCLUSION**

IT IS THEREFORE ORDERED that Plaintiff's Motion for Temporary Restraining Order [Dkt. No. 6] is HELD IN ABEYANCE pending Plaintiff's compliance with the above instructions and the Court's hearing on his Motion scheduled for March 12, 2026, at 2:00 p.m. Furthermore, his Motion for Permanent Injunction is DENIED as premature.

Dated this 11th day of February 2026.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE